Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, <br><br> Plaintiff, <br> v. <br><br> JOHN DOE, <br><br> Defendant. | No. C-11-03076 LKK (KJN) <br><br> **PLAINTIFF'S CASE MANAGEMENT CONFERENCE REPORT** |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE REPORT**

Plaintiff AF Holdings LLC (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby submits Plaintiff's Case Management Conference Report pursuant to the Court's Order Setting Status (Pretrial Scheduling) Conference (ECF No. 6), and the Federal Rules of Civil Procedure ("FRCP"), Rule 26.[1]

**(a) Brief Summary of the Claims:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. Defendant John Doe (hereinafter "Defendant") is an alleged copyright infringer.

Plaintiff alleges that Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works

---

[1] Plaintiff submits this Case Management Conference Report on its own because, for reasons discussed more thoroughly below, Plaintiff is the only party in this case at this time.

and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Plaintiff further alleges that Defendant acted in concert with other individuals to download a multitude of Plaintiff's copyrighted works via the BitTorrent protocol.  Currently, the identities of Defendant's alleged joint tortfeasors are unknown because they, including Defendant, all operated under the cover of a network address when they joined a common BitTorrent swarm composed of fellow infringers, and downloaded the same exact files and unlawfully distributed Plaintiff's copyrighted works amongst one another.

At this point, Plaintiff has been unable to identify the John Doe infringer.  While Plaintiff filed an amended ex parte application in January requesting a deposition of a key individual to potentially allow Plaintiff to ascertain John Doe's identity, a ruling on that Application is pending.

On January 5, 2012, Plaintiff filed its Ex Parte Application for Leave to Take Expedited Discovery to Identify John Doe. (ECF No. 7.)  On January 29, 2012, Plaintiff filed its Amended Ex Parte Application for Leave to Take Expedited Discovery to Identify John Doe (ECF No. 9, hereinafter "Amended Application").  The Amended Application explained that Plaintiff could not identify and/or serve a Defendant in this case unless the Court granted Plaintiff its requested pre-Rule 26(f) conference deposition discovery, which would allow Plaintiff to ask the IP address account holder in this case, Francisco Rivas, questions under oath aiming at ascertaining the identify of who used Mr. Rivas's Internet account to infringe on Plaintiff's work.  As explained to the Court, Francisco Rivas, as the account holder of the infringing Internet Protocol ("IP") address is the *only* individual known to Plaintiff that is in possession of information necessary to identify a likely Defendant.

The Amended Application is still pending.  Until the Amended Application is resolved, this case is stagnant.

**(b) Status of Service:**

Plaintiff has not, and cannot, serve a Defendant until the Amended Application is granted.

**(c) Possible Joinder:**

Plaintiff has no plans to join parties at this time.

**(d) Contemplated Amendments to the Pleadings:**

None.

**(e) Statutory Basis for Jurisdiction and Venue:**

As alleged in Plaintiff's Complaint (ECF No. 1 ¶ 6), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

Further, this Court has personal jurisdiction over Defendant because Plaintiff believes he/she resides and committed copyright infringement in the State of California. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**(f) Anticipated Discovery and Scheduling:**

(1) Changes to Time, Form, or Requirements for Disclosure under Rule 26(a):

Plaintiff has no suggested changes to the time, form, or requirements for disclosure other than noting that all of these will be entirely depend on (1) when the Court acts on Plaintiff's Amended Application, and (2) whether the Court allow Plaintiff to conduct the discovery it requested in its Amended Application.

(2) Subjects on Which Discovery May be Needed; When Discovery Should be Completed; Whether Discovery Should be Conducted in Phases:

At this time, before even knowing whether the Court will allow Plaintiff to identify Defendant through the requested deposition discovery, it is premature for Plaintiff to make a speculate as to the discovery format or timelines necessary.

///

(3) <u>Changes to Limitations on Discovery Imposed under the Civil Rules:</u>

Again, at this time, before even knowing whether the Court will allow Plaintiff to identify Defendant through the requested deposition discovery, it is premature for Plaintiff to make a guess as to what changes to the limitations on discovery may be needed in the future.

(4) <u>Timing of the Disclosure of Expert Witnesses; Information Required by Rule 26(a)(2):</u>

While Plaintiff currently has no objections to the timing set up in Rule 26(a)(2), at this time, before even knowing whether the Court will allow Plaintiff to identify Defendant through the requested deposition discovery, it is premature for Plaintiff to make a conclusive statement as to this matter.

(5) <u>Proposed Dates for Discovery Cut-Off:</u>

Again, Plaintiff believes it is premature to make this proposal considering Plaintiff's pending Amended Application.

**(g) <u>Proposed Date by Which all Non-Discovery Motions Should be Filed:</u>**

Without knowing the identity of Doe Defendant and/or the identity and number of the co-conspirators, this request is unreasonable at this early stage. Again, at this time, before even knowing whether the Court will allow Plaintiff to identify Defendant through the requested deposition discovery, it is premature for Plaintiff to make a guess as to this date.

**(h) <u>Proposed Dates for Final Pretrial Conference and Trial:</u>**

Again, at this time, before even knowing whether the Court will allow Plaintiff to identify Defendant through the requested deposition discovery, it is premature for Plaintiff to make a guess as to these dates, especially considering that, should the Court not grant the requested discovery in its Amended Application, a trial could never take place in this matter.

**(i) <u>Estimate of Days of Trial:</u>**

Plaintiff's best estimate is 4 days.

**(j) <u>Appropriateness of Special Procedure Such as Referral to Special Magistrate, etc:</u>**

None.

**(k) Proposed Modifications of Standard Pretrial Procedures Due to Special Nature of the Case:**

None. Except, again, Plaintiff would urge the Court to consider, and grant, its Amended Application, and allow Plaintiff to proceed in this case.

**(l) Related Case:**

Not applicable.

**(m) Prospect for Settlement:**

Not applicable at this time due to the fact that there is only one party.

**(n) Any Other Matters:**

Plaintiff believes that a status conference is unnecessary as there is nothing substantive to report on at this time outside of the matters discussed herein.

Should the Court grant Plaintiff's amended application, Plaintiff will have the ability to take the requisite deposition of Mr. Rivas, and proceed with this case from there. Without Mr. Rivas's deposition, Plaintiff will be unable to proceed further in this case. Plaintiff prays that the Court allow this case to go forward by granting Plaintiff's Amended Application.

Respectfully Submitted,

AF HOLDINGS LLC,

**DATED: March 18, 2012**

By: \_\_\_\_/s/  Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*