1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AF HOLDINGS LLC,

11          Plaintiff,                 No. 2:11-cv-03076 LKK KJN

12      v.

13   JOHN DOE,

14          Defendant.           ORDER
                                    /
15   _____

16          Presently before the court are plaintiff's application for leave to take

17   expedited discovery, which plaintiff filed on January 5, 2012 (App. for Expedited Discovery,

18   Dkt. No. 7), and plaintiff's *amended* application for leave to take expedited discovery, which

19   plaintiff filed on January 29, 2012 (Amended App. for Expedited Discovery, Dkt. No. 9).[1]

20   Plaintiff, AF Holdings, LLC ("plaintiff"), did not notice either of its applications for hearing.

21   The undersigned concludes that oral argument would not be of material assistance in resolving

22

23          [1] Plaintiff's amended ex parte application raises the same legal arguments plaintiff raised in
     its original ex parte application. (Compare Amended App. for Expedited Discovery with App. for
24   Expedited Discovery (both arguing that "good cause" exists for expedited discovery, and that a
     deposition of the account holder would be minimally burdensome and reasonably calculated to lead
25   to the discovery of the infringer's identity.) The difference between the two applications is that the
     factual statements within the amended application are supported by a signed declaration from
26   plaintiff's counsel. (Declaration of Brett Gibbs ("Gibbs Decl."), Dkt. No. 9-1 at 2-5.)

                                          1

1  the applications.  Accordingly, the applications will be decided on the papers submitted.[2]

2  Through plaintiff's applications for expedited discovery, plaintiff seeks

3  permission to serve a discovery subpoena upon a third party named Francisco Rivas ("Mr. Rivas"

4  or "the account holder"), who is the "account holder associated with" the Internet Protocol ("IP")

5  address "24.205.30.192," which was allegedly used in connection with infringement upon

6  plaintiff's copyrighted adult video entitled *Sexual Obsession* ("Video").  (Amended App. for

7  Expedited Discovery at 5; App. for Expedited Discovery at 5; Complaint ("Compl."), Dkt. No. 2

8  at 1-2.)  Although plaintiff alleges that Mr. Rivas is the "holder" of the account allegedly used to

9  infringe upon plaintiff's copywritten Video, plaintiff has not formally named Mr. Rivas as a

10 defendant in this action because the relationship between an account holder and infringer can be

11 "imperfect."  (Compl. ¶ 1; App. for Expedited Discovery at 9; Amended App. for Expedited

12 Discovery at 9.)  Instead, plaintiff requests expedited discovery (in the form of deposing Mr.

13 Rivas as a third party), purportedly to obtain the identities of the defendant(s) alleged to have

14 used Mr. Rivas's account associated with IP address "24.205.30.192" to infringe on plaintiff's

15 rights in regards to the Video.  (Amended App. for Expedited Discovery at 5; App. for Expedited

16 Discovery at 5; see also Compl. ¶¶ 1-4, 19-37.)

17 The undersigned has considered plaintiff's applications and, for the reasons stated

18 below, denies plaintiff's applications to conduct limited early discovery pursuant to Federal Rule

19 of Civil Procedure 26(d)(1).

20 I.    BACKGROUND

21 On November 21, 2011, plaintiff filed a complaint for copyright infringement and

22 civil conspiracy against John Doe, an unnamed defendant.[3]  (Compl. ¶ 1.)  Plaintiff is a producer

23

24    [2] This case was referred to the undersigned pursuant to Eastern District of California Local
   Rule 302(c)(1) and 28 U.S.C. § 636(b)(1), and an Order dated January 24, 2012 (Dkt. No. 8.)

25

26    [3] The use of "Doe" defendants is generally disfavored.  Gillespie v. Civiletti, 629 F.2d 637,
   642 (9th Cir. 1980).  However, a plaintiff should be given an opportunity through discovery to

1   of adult entertainment content, and is alleged to be the exclusive holder of the relevant rights

2   with respect to the Video.  (Compl. ¶¶ 3-4.)  In the course of monitoring Internet-based

3   infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful

4   reproduction and distribution of the Video occurring over a particular IP address via the Bit

5   Torrent file transfer protocol, the mechanics of which are further described in the Complaint.[4]

6   (Compl. ¶¶ 5, 14-18, 22-24.)  According to plaintiff, it has already determined that Mr. Rivas is

7   the account holder of the IP address involved.  (Amended App. for Expedited Discovery at 5;

8   App. for Expedited Discovery at 5.)  According to plaintiff, "[e]ven if Mr. Rivas did not

9   download and distribute Plaintiff's copyrighted video himself, the infringing activity occurred

10  over his network and the equipment he controls," such that Mr. Rivas is the only person "with

11  information that can allow Plaintiff to identify the actual infringer."  (App. for Expedited

12

13  identify such defendants where the identities of those defendants are not known prior to the filing
    of a complaint, "unless it is clear that discovery would not uncover the identities, or that the
    complaint would be dismissed on other grounds."  Id.

14

15      [4]  A magistrate judge in the Northern District of California summarized the BitTorrent
    protocol as follows:

16          In the BitTorrent vernacular, individual downloaders/distributors of
            a particular file are called "peers."  The group of peers involved in
17          downloading/distributing a particular file is called a "swarm."  A server
            which stores a list of peers in a swarm is called a "tracker."  A computer
18          program that implements the BitTorrent protocol is called a BitTorrent
            "client."

19
            The BitTorrent protocol operates as follows.  First, a user locates a
20          small "torrent" file.  This file contains information about the files to be
            shared and about the tracker, the computer that coordinates the file
21          distribution.  Second, the user loads the torrent file into a BitTorrent client,
            which automatically attempts to connect to the tracker listed in the torrent
22          file.  Third, the tracker responds with a list of peers and the BitTorrent client
            connects to those peers to begin downloading data from and distributing data
23          to the other peers in the swarm.  When the download is complete, the
            BitTorrent client continues distributing data to the peers in the swarm until
24          the user manually disconnects from the swarm or the BitTorrent client
            otherwise does the same.

25
    Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1-2
26  (N.D. Cal. May 31, 2011) (unpublished).

3

1  Discovery at 5 n.1; 9.)  According to plaintiff, Mr. Rivas "merely ignored" plaintiff's counsel's

2  attempts to meet and confer regarding the identity of the alleged infringer.  (Id. at 9; Gibbs Decl.

3  ¶¶ 2-8.)  Also according to plaintiff, plaintiff's counsel met and conferred informally with "Mr.

4  Rivas, and/or his attorneys, have not presented any alternative 'suspects' (e.g. a roommate) that

5  could be the source of the infringement."  (App. for Expedited Discovery at 5 n.1.)  Finally,

6  plaintiff believes that "Mr. Rivas's evasive behavior thus far does not reflect the actions of an

7  entirely innocent third party."  (Id. at 5.)

8          Plaintiff now requests the court to authorize service of a third party deposition

9  subpoena upon Mr. Rivas.  Plaintiff states that, in some cases, an account holder may be able to

10  offer a credible explanation for why he or she is not the infringer and may be able to identify the

11  actual infringer, such as another household member or tenant.  (Amended App. for Expedited

12  Discovery at 5; App. for Expedited Discovery at 5.)  As such, plaintiff contends that it cannot

13  proceed in the action without ascertaining the likely infringer's identity, and that Mr. Rivas is the

14  only person with information that can allow plaintiff to identify the actual infringer and permit

15  service of process on that individual.  (Amended App. for Expedited Discovery at 5; App. for

16  Expedited Discovery at 5.)

17  II.    DISCUSSION

18          Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek

19  discovery from any source before the parties have conferred as required by Rule 26(f), except in a

20  proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these

21  rules, by stipulation, *or by court order*" (emphasis added).  District courts within the Ninth

22  Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon a showing of

23  "good cause."  E.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179

24  (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal.

25  2002)); accord Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).

26  "Good cause exists where the need for expedited discovery, in consideration of the

1   administration of justice, outweighs the prejudice to the responding party." In re Countrywide,

2   542 F. Supp. 2d at 1179 (citation and internal quotation marks omitted); Semitool, Inc., 208

3   F.R.D. at 276.

4          The court must perform the evaluation of the existence of "good cause" in light of

5   "the entirety of the record . . . and the reasonableness of the request in light of all the surrounding

6   circumstances." Semitool, Inc., 208 F.R.D. at 275 (citation & quotation marks omitted)

7   (emphasis removed); Am. Legalnet, 673 F. Supp. 2d at 1067.  Judges in the Northern District of

8   California have considered four factors derived from Columbia Ins. Co. v. Seescandy.com, 185

9   F.R.D. 573, 578-80 (N.D. Cal. 1999), in evaluating motions for permission to conduct early

10  discovery to ascertain the identities of Doe defendants.  These judges have considered  "whether

11  the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can

12  determine that the defendant is a real person who can be sued in federal court, (2) recounts the

13  steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a

14  motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information

15  that will permit service of process." See MCGIP, LLC v. Does 1-149, 2011 WL 3607666, at *2

16  (citing Columbia Ins., 185 F.R.D. at 578-80).

17         Good cause for expedited discovery is frequently found in cases involving claims

18  of infringement and unfair competition or in cases where the plaintiff seeks a preliminary

19  injunction. Semitool, Inc., 208 F.R.D. at 276; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd.

20  Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002).[5]  Federal district courts in California have

21

22         [5]  In cases involving both requests for expedited discovery and requests for a permanent
    injunction, district courts have described the factors affecting the assessment of the reasonableness
23  of a request for expedited discovery as including: "(1) whether a preliminary injunction is pending;
    (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4)
24  the burden on the defendants to comply with the requests; and (5) how far in advance of the typical
    discovery process the request was made." Am. Legalnet, 673 F. Supp. 2d at 1067 (citation and
25  quotation marks omitted).  Even if the court grants a party expedited discovery, in the interests of
    justice, it may tailor its ruling to avoid "excessive or burdensome discovery." Id. (citation and
26  quotation marks omitted).

1    applied the test in Semitool and found good cause to allow limited expedited discovery to

2    ascertain the identities of Doe defendants in copyright infringement actions.  See e.g. UMG

3    Recordings, Inc. v. Doe, No. C-08-03999 RMW, 2008 WL 4104207, at *1-3 (N.D. Cal. Sept. 4,

4    2008) (unpublished) (granting leave to take expedited discovery in the form of a Rule 45

5    subpoenas to obtain "documents that identify Defendant, including the name, current (and

6    permanent) address and telephone number, e-mail address, and Media Access Control addresses

7    for Defendant" John Doe); Arista Records LLC v. Does 1-43, No. 07cv2357-LAB (POR), 2007

8    WL 4538697, at *1-2 (S.D. Cal. Dec. 20, 2007) (unpublished) (granting leave to take expedited

9    discovery in the form of a Rule 45 subpoena for documents that would reveal each Doe

10   defendant's "true name, current and permanent addresses and telephone numbers, e-mail

11   addresses, and Media Access Control addresses.").

12          In Arista Records LLC, the plaintiffs alleged that unidentified defendants had used

13   an online media distribution system to download and distribute plaintiffs' copyrighted works to

14   the public without permission.  Arista Records LLC, 2007 WL 4538697, at *1.  Because the

15   plaintiffs were only able to identify each defendant by a unique internet protocol address assigned

16   to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate

17   discovery on a third-party internet service provider ("ISP") to identify the Doe defendants' true

18   identities.  Id.  The court found good cause to allow expedited discovery based on the plaintiffs'

19   prima facie showing of infringement, the risk that the ISP would not long preserve the

20   information sought, the narrow tailoring of the requests to the minimum amount of information

21   needed to identify the defendants without prejudicing their rights, and the fact that the expedited

22   discovery would substantially contribute to moving the case forward.  Id.  The court further noted

23   that, without such discovery, plaintiffs could not identify the Doe defendants and would not be

24   able to pursue their lawsuit to protect their copyrighted works from infringement.  Id.

25          Here, plaintiff has not demonstrated good cause for the expedited discovery

26   requested.  Unlike the plaintiffs in UMG Recordings, Inc. and Arista Records LLC, plaintiff has

1    *already discovered* the name and contact information of the account holder of the IP address

2    involved.  Therefore, assuming plaintiff has a good faith basis for its claims, plaintiff can name

3    Mr. Rivas as a defendant and serve him with process.  Simply put, plaintiff has not shown that it

4    is unable to pursue its lawsuit to protect its copyrights absent expedited discovery.

5              Moreover, even if plaintiff were to establish good cause for the expedited

6    discovery requested, it is outweighed by the significant potential prejudice[6] to the responding

7    party, Mr. Rivas.  "Expedited discovery may be inappropriate where defendants are required to

8    unwarily incriminate themselves before they have a chance to review the facts of the case and to

9    retain counsel."  Pod-Ners, LLC, 204 F.R.D. at 676 (citations omitted).  To be sure, courts

10   frequently allow expedited discovery in copyright infringement cases involving peer-to-peer

11   ("P2P") networks to allow identification of Doe defendants.  But, the expedited discovery

12   requested is usually a narrowly tailored document subpoena upon a third party internet service

13   provider, which seeks the minimum amount of information needed to identify defendants, such

14   as names, addresses, phone numbers, and e-mail addresses of account holders associated with the

15   IP addresses.  See e.g. Diabolic Video, 2011 WL 3100404, at *4 (where complaint named 2,099

16   Doe defendants, court severed Does 2 through 2,099 and granted expedited discovery in the form

17   of "a Rule 45 subpoena" on a third party internet service provider, which would seek

18   "information sufficient to identify Doe 1, including the name, addresses, telephone numbers, and

19   email addresses of Doe 1"); IO Group, Inc. v. Does 1-65, No. 10-4377 SC, 2010 WL 4055667, at

20   *3 (N.D. Cal. Oct. 15, 2010) (unpublished) (granting expedited discovery in the form of "a Rule

21   45 subpoena on [third party internet service provider] seeking documents sufficient to identify

22   the names, addresses, telephone numbers, and e-mail addresses associated with the sixty-five IP

23

24        [6]  While the discovery timing prescribed by Federal Rule of Civil Procedure 26(d) does not
     expressly focus on "prejudice" to unnamed potential defendants, the applicable "good cause"
     analysis nonetheless requires the undersigned to examine the "entirety" of the record and the
25   "reasonableness of the request in light of all the surrounding circumstances."  See Semitool, Inc., 208
     F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); Am. Legalnet, 673 F. Supp.
26   2d at 1067.

1   addresses identified in the Complaint"); UMG Recordings, Inc., 2008 WL 4104207, at *3

2   (granting expedited discovery in the form of a "Rule 45 subpoena on [third party internet service

3   provider] to seek documents revealing the name, current and permanent address, e-mail address,

4   and Media Access Control address of John Doe"); Arista Records LLC, 2007 WL 4538697, at

5   *1-2 (granting expedited discovery in the form of a Rule 45 subpoena upon third party internet

6   service provider "seeking documents that identify Defendant's true name, current and permanent

7   addresses and telephone numbers, e-mail addresses, and Media Access Control addresses").

8            In this case, plaintiff already has the name and contact information of the account

9   holder, needs nothing further from a third party internet service provider, and instead seeks to

10  orally depose the identified account holder.  During the deposition, plaintiff "intends to elicit

11  facts about Mr. Rivas's involvement, if any, with the unauthorized distribution of Plaintiff's

12  video(s) via Mr. Rivas's IP address; to learn about Mr. Rivas's computers and network setup; to

13  assess Mr. Rivas's technical savvy; and to identify any other persons who had access to Mr.

14  Rivas's computer and network."  (App. for Expedited Discovery at 11; Gibbs Decl. ¶ 10.)  This

15  goes far beyond seeking to identify a Doe defendant.[7]  Instead, it amounts to a full-on deposition

16  during which Mr. Rivas may unwarily incriminate himself on the record before he has even been

17  ////

18  ////

19

20       [7] Plaintiff considers the account holder, Mr. Rivas, to be a *potential defendant* who may be
     substituted for the "John Doe" defendant in this case rather than a more typical "third party," such
21   as an internet service provider.  According to plaintiff, plaintiff's counsel met and conferred
     informally with "Mr. Rivas, and/or his attorneys, [and they] have not presented any alternative
22   'suspects' (e.g. a roommate) that could be the source of the infringement."  (App. for Expedited
     Discovery at 5 n.1.)  Plaintiff also believes that "Mr. Rivas's evasive behavior thus far does not
23   reflect the actions of an entirely innocent third party."  (Id. at 5.)  Plaintiff's counsel declares that he
     asked Mr. Rivas "whether [he] would be amenable to informal discovery and whether [he] would
24   provide [plaintiff] with any substantive evidence *showing that he was not the infringer* in this case."
     (Gibbs Decl. ¶ 2 (emphasis added).)  Plaintiff's counsel also declares that a deposition of Mr. Rivas
25   would allow plaintiff "to identify the John Doe infringer in this case – whether that individual is Mr.
     Rivas or not – or, if unable to accomplish the foregoing, allow Mr. Rivas to explain, under oath, the
26   facts that allow Plaintiff to dismiss him from consideration as the John Doe infringer in this case."
     (Gibbs Decl. ¶ 10.)

1  named as a defendant and served with process.[8]  Accordingly, plaintiff has failed to show "good

2  cause" warranting the requested expedited discovery, and plaintiff has not shown that "good

3  cause" outweighs the likely prejudice that would result from the deposition of Mr. Rivas.

4          In sum, plaintiff has not shown that good cause exists for the early discovery

5  requested.  Assuming plaintiff has a good faith basis for its claims, plaintiff can name Mr. Rivas

6  as a defendant, serve him with process, hold the Rule 26(f) conference, and conduct any

7  discovery necessary.  Procedural vehicles exist to later add and/or dismiss defendants based on

8  additional facts discovered, if necessary.

9  III.    CONCLUSION

10         Accordingly, for the reasons discussed above, IT IS HEREBY ORDERED that

11 plaintiff's applications for leave to take expedited discovery (Amended App. for Expedited

12 Discovery, Dkt. No. 9; App. for Expedited Discovery, Dkt. No. 7) are both DENIED.

13         IT IS SO ORDERED.

14 DATED:  March 20, 2012

15

16                                    _____
                                      KENDALL J. NEWMAN
17                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22     [8] Plaintiff argues that the proposed expedited discovery would minimize the burden on Mr.
   Rivas, because the deposition would take place within 100 miles of Mr. Rivas's residence, plaintiff
23 is willing to pay his attendance fees and mileage, and he would not have to incur the costs of
   responding to plaintiff's complaint and bear the burden of discovery costs. (App. for Expedited
24 Discovery at 12; Amended App. for Expedited Discovery at 11-12.)  However, the court is not
   greatly troubled by these considerations, given that Mr. Rivas has apparently declined to informally
25 meet and confer with plaintiff.  The significant prejudice that could result from an open-ended
   deposition of a potential defendant, before he has even had an opportunity to review the claims
26 against him and obtain counsel, is of much greater concern.